**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| KEN D. PARRISH, TDOC #435389, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:14-cv-00099 |
| | ) | Chief Judge Haynes |
| ARVIL CHAPMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Ken D. Parrish, an inmate in the custody of South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Warden Arvil Chapman, Commissioner Derrick D. Schofield, Commissioner of Operations Jason Wood, Director of Classification Brandon Maloney, Assistant Warden Danny Dodd, Assistant Warden Daniel Pritchard, Classification Coordinator Gene Maples, Chief of Unit Management Clarence Pott, Unit Manager Michael Parrish, Case Manager Rhonda Staggs, and Senior Correctional Officers Jessica McElroy and Leigh Staggs. (Docket Entry No. 1). Plaintiff alleges that Defendants violated Plaintiff's due process rights under the Fourteenth Amendment and his Eighth Amendment rights by involuntarily confining him in protective custody and by ignoring his requests for medical and psychological treatment. Plaintiff names each Defendant in his or her individual and official capacities and seeks injunctive relief as well as compensatory and punitive damages.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. The Court must construe a *pro se*

plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept a plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To survive review under this provision, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

Plaintiff alleges that he has spent six months in involuntary protective custody, under maximum security conditions similar to punitive segregation, and that Defendants have not afforded him a protective custody hearing and have denied his grievances about his protective custody status and lack of hearing. Plaintiff asserts that this constitutes a due process violation. To state a claim for procedural due process violation under § 1983, a plaintiff must establish that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In the prison context, protected liberty interests are limited to freedom from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court concludes that Plaintiff's conditions of

confinement do not rise to that level. *See Bradley v. Evans*, 229 F.3d 1150, 2000 WL 1277229, at *5–7 (6th Cir. Aug. 23, 2000) (holding that 14 months in administrative segregation was not atypical and significant hardship). Segregation in maximum security for six months does not constitute a due process violation even if, as Plaintiff alleges, it prevents him from earning credits to reduce his sentence. *See id.* at *2 (acknowledging that under Tennessee law, administrative segregation hampers ability to earn sentence credits or seek parole). Accordingly, Plaintiff's due process claim in connection with his protective custody status fails to state a claim and should be dismissed.

Plaintiff's claims that his segregation alone violates his Eighth Amendment right to be free from cruel and unusual punishment also fails to state a claim for which relief could be granted. The Eighth Amendment prohibits prison officials from denying inmates "the minimal civilized measure of life's necessities." *Id.* at *8. Plaintiff's vague allegation that on many days he has been denied a shower, recreation and cleaning supplies because the prison was short-staffed (ECF No. 1, at 8), absent any allegation that these deprivations are long-lasting or pervasive, does not establish conditions so extreme that he was denied "basic human needs and requirements," as required to state a claim for an Eighth Amendment violation. *See Bradley* at *8; *see also Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985) (approving one shower per week for segregated inmates). Plaintiff's Eighth Amendment claims arising solely from his confinement in protective custody should be dismissed.

Plaintiff next alleges that during his confinement in protective custody he has experienced severe neck pains, backaches and muscle spasms, and that he has been suicidally depressed. (Docket Entry No. 1, Complaint at 9). Plaintiff alleges that he has repeatedly requested medical

care and to speak with a mental healthcare provider, but that his requests and grievances about his care have been denied.

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F3d 563, 570 (6th Cir. 2013). "There is no dispute that back conditions which cause severe pain can qualify as 'serious medical needs' which fall within the scope of the Eighth Amendment." *Leonard v. Ohio*, No. 2:09-CV-950, 2012 WL 6728343, at *1 (S.D. Ohio Dec. 28, 2012), report and recommendation adopted, No. 2:09-CV-950, 2013 WL 1190204 (S.D. Ohio Mar. 22, 2013). Further, an inmate's "psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Edmonds v. Horton*, 113 F. App'x 62, 64 (6th Cir. 2004) (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660–61 (6th Cir. 1994)).

Construing the complaint liberally in Plaintiff's favor, the Court concludes at this stage that Plaintiff states a plausible claim for violations of his Eighth Amendment right to treatment for his pain and psychological condition. Accordingly, the Clerk shall issue process.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 4th day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court