IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KEN D. PARRISH, TDOC #435389, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cv-00099 |
| | ) |
| ARVIL CHAPMAN, et al., | ) Chief Judge Haynes |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Ken D. Parrish, an inmate at South Central Correctional Facility in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Warden Arvil Chapman, Commissioner Derrick D. Schofield, Commissioner of Operations Jason Wood, Director of Classification Brandon Maloney, Assistant Warden Danny Dodd, Assistant Warden Daniel Pritchard, Classification Coordinator Gene Maples, Chief of Unit Management Clarence Pott, Unit Manager Michael Parrish, Case Manager Rhonda Staggs, and Senior Correctional Officers Jessica McElroy and Leigh Staggs. (Docket Entry No. 1).

Plaintiff also filed an application to proceed *in forma pauperis*. From a review of the application, Plaintiff lacks the funds to pay the entire filing fee in advance, Plaintiff's application to proceed as a pauper (Docket Entry No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Warden of the South Central Correctional Facility, as custodian of Plaintiff's prison trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the South Central Correctional Facility to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Warden must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In accordance with Memorandum filed herewith, the Court concludes that Plaintiff states plausible claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Yet, Plaintiff's Fourteenth Amendment due process and Eighth Amendment claims arising solely from the conditions of his confinement in protective custody are **DISMISSED with prejudice** for failure to state a claim for relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk shall **ISSUE PROCESS**.

It is so **ORDERED**.

ENTERED this the 4th day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court