**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **KEN D. PARRISH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:14-cv-00099** |
| | ) | **Judge Haynes / Knowles** |
| **ARVIL CHAPMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6): the first, filed by Defendants Derrick Schofield, Jason Woodall,[1] and Brandon Maloney

(collectively referred to as "TDOC Defendants")(Docket No. 36); and the second, filed by

Defendants Avril Chapman, Danny Dodd, Daniel Pritchard, Gene Maples, Clarence Potts,

Michael Parrish, Rhonda Staggs, Jessica McElroy, and Leigh Staggs (collectively referred to as

"SCCF Defendants")(Docket No. 38). Both Motions are supported by accompanying

Memoranda of Law. Docket Nos. 36-1, 39.

Plaintiff has not responded to either Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging

that all Defendants violated his Eighth and Fourteenth Amendment rights. Docket No. 1.

Plaintiff sues the following people in their individual and official capacities: (1) Arvil Chapman,

Warden of South Central Correctional Facility ("SCCF"); (2) Derrick Schofield, Commissioner

---

[1] Jason Woodall is sometimes referred to in the case documents and in Plaintiff's
Complaint as Jason Wood. Because Jason Woodall is the correct name, the undersigned will
exclusively refer to him as such.

of the Tennessee Department of Correction ("TDOC"); (3) Jason Woodall, Commissioner of

Operations; (4) Brandon Maloney, TDOC Director of Classification; (5) Danny Dodd, Assistant

Warden of SCCF; (6) Daniel Pritchard, Assistant Warden of SCCF; (7) Gene Maples,

Classification Coordinator at SCCF; (8) Clarence Pott, Chief of Unit Management at SCCF; (9)

Michael Parrish, SCCF Unit Manager; (10) Rhonda Staggs, Case Manager at SCCF; (11) Jessica

McElroy, Senior Correctional Officer/Assistant Grievance Chairperson at SCCF; and (12) Leigh

Staggs, Senior Correctional Officer/Grievance Chairperson at SCCF. *Id.* Plaintiff avers

essentially that he is being held involuntarily in protective custody at SCCF in violation of

numerous TDOC policies and his constitutional rights, and that, to no avail, he has reported to

each Defendant that he is not in fear of his life, that he wants to be housed in the general

population, and that he wants to participate in Jail programs, work, and earn good time credit. *Id.*

He argues that "the involuntary placement in protective custody without due process under

conditions indistinguishable from punitive segregation and excessive use of confinement violated

[his] rights and constituted cruel and unusual punishment and due process violation under the 8th

and 14th Amendment to the United States Constitution." *Id.*

Plaintiff avers that although he repeatedly reported his desire to be housed in the general

population, none of the Defendants helped him, and he contends that Defendants used any excuse

they could to deny his grievances or simply failed to respond to his letters. *Id.* Plaintiff further

avers that there were "many day[s]" that he was "denied showers and recreation and cleaning

supples [*sic*], mainly do to short of staff." *Id.* He additionally avers that he suffers from back

aches, severe neck pain, and muscle spasms "from lack of exercise," and that he has requested

medical care "through-out his confinement" but has "received no treatment for his physical

injuries." *Id.*  Finally, Plaintiff avers:

> Plaintiff is mentally and emotionally distress for being confined
> against his will involuntary on protective custody and being treated
> as a punitive segregated inmate.  The Plaintiff suffers from
> depression, anxiety, and sleep impairment.  Plaintiff has occasional
> had thoughts of suidied [*sic*] from being stuck in a cell for over six
> month with no way out but end up crying himself to sleep from
> being so depressed.  Plaintiff has made numberous [*sic*] request to
> speak with someone from mental health about his mental health
> needs but has got no response.  Plaintiff have not seen a mental
> health doctor in over 5 months.

*Id.*

Plaintiff seeks declaratory relief and injunctive relief; compensatory damages and

punitive damages; costs; that he be released from protective custody and placed in general

population and/or be transferred; that he be permitted to participate in programs, work and earn

inmate pay, and earn good time credit; that TDOC policies be enforced; any other relief the Court

deems just, proper, and appropriate; and "involuntary on protective custody without due process

under conditions indistinguishable from punitive segregation, excessive confinement, physical

injuries and mental and emotional distress, against 'each' defendant." *Id.* (Underlining original.)

As an initial matter, during the Court's frivolity review, Judge Haynes dismissed

Plaintiff's Fourteenth Amendment Due Process claims and Eighth Amendment claims arising

from his placement in protective custody and from the conditions of his confinement in

protective custody.  Docket Nos. 4, 5.  Plaintiff's only remaining claims, therefore, are his Eighth

Amendment claims for deliberate indifference to his serious medical needs.  *Id.*

Additionally, the undersigned notes that, although Plaintiff's claims relate solely to events

that allegedly occurred during his confinement at SCCF, Plaintiff is no longer housed at SCCF;

he was transferred to the Morgan County Correctional Complex on August 20, 2014. Docket No. 3. Because Plaintiff is no longer housed at SCCF, Plaintiff's request for injunctive relief should be DENIED as MOOT. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

With regard to the Motions now before the Court, the TDOC Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff does not allege that they were personally involved in any alleged violations of Plaintiff's constitutional rights or were deliberately indifferent to his serious medical needs. Docket No. 36-1. Specifically, the TDOC Defendants note that the only mentions of them in Plaintiff's Complaint are that Defendant Maloney, as the TDOC Director of Classification, sent Plaintiff to SCCF, and that Plaintiff wrote letters to Defendants Schofield and Woodall as part of a grievance seeking his removal from protective custody. *Id.* The TDOC Defendants argue that, absent allegations of their personal involvement, Plaintiff cannot sustain his Eighth Amendment deliberate indifference claims against them. *Id.* The TDOC Defendants also note that Plaintiff cannot impose liability upon them because of their supervisory positions within the TDOC, as *respondeat superior* is not a basis for imposing liability under 42 U.S.C. § 1983. *Id.* The TDOC Defendants additionally argue that Plaintiff's claims against them must be dismissed because such claims are barred by the Eleventh Amendment. *Id.* With regard to the official capacity claims against them, the TDOC Defendants argue that these claims must be dismissed because they are not "persons" under 42 U.S.C. § 1983. *Id.*

The SCCF Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff's Complaint fails to allege that: (1) any SCCF Defendant actively participated or was personally involved in the alleged deliberate indifference to his medical needs; and (2) to

4

the extent that the Court may construe Plaintiff's allegations to be a complaint against the medical grievance procedures, such claim does not fall within the purview of 42 U.S.C. § 1983. Docket No. 39.

For the reasons discussed below, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

## II.  Allegations of Plaintiff's Complaint Pertaining to Each Specific Defendant and to His Alleged Denial of Medical Care[2]

The allegations of Plaintiff's Complaint pertaining to each specific Defendant, and his alleged denial of medical care, in their entirety, are as follows:

### A.  Defendant Chapman, SCCF Warden

Plaintiff sent Defendant Chapman a letter on June 26, 2014, but Defendant Chapman did not respond to Plaintiff's concerns.

### B.  Defendant Schofield, TDOC Commissioner

Plaintiff sent Defendant Schofield letters on June 26, 2014, July 28, 2014, but Defendant Schofield did not respond to Plaintiff's letters.

### C.  Defendant Woodall, Commissioner of Operations

Plaintiff sent Defendant Woodall a letter on July 28, 2014.

### D.  Defendant Maloney, TDOC Director of Classification

Defendant Maloney sent Plaintiff to SCCF.  Plaintiff sent Defendant Maloney a letter on

---

[2] All of the listed allegations are found in Plaintiff's Complaint (Docket No. 1), and are taken as true for purposes of the instant Motions to Dismiss.

July 28, 2014.

**E.  Defendant Dodd, SCCF Assistant Warden**

Plaintiff's Complaint contains no specific allegations against Defendant Dodd.

**F.  Defendant Pritchard, SCCF Assistant Warden**

On May 12, 2014, Defendant Pritchard deemed Plaintiff's grievance inappropriate.

**G.  Defendant Maples, SCCF Classification Coordinator**

Defendant Maples accepted Plaintiff at SCCF, knowing that SCCF was not going to house Plaintiff in general population.

**H.  Defendant Potts, SCCF Chief of Unit Managment**

Plaintiff sent Defendant Potts a letter on March 19, 2014 requesting to be taken off protective custody or be transferred to another facility because he did not need or want to be in protective custody.  Defendant Potts did not respond to Plaintiff's letter or situation.

Plaintiff asked Defendants Potts and R. Staggs ("the Unit Team") every week for over six months to be taken off protective custody and sent to general population, but the Unit Team has not even attempted to take Plaintiff off protective custody status.

Plaintiff sent Defendant Potts another letter on June 26, 2014.

**I.  Defendant Parrish, SCCF Unit Manager**

Plaintiff's Complaint contains no specific allegations against Defendant Parrish.

### K.  Defendant R. Staggs, SCCF Case Manager

Plaintiff asked Defendants Potts and R. Staggs ("the Unit Team") every week for over six months to be taken off protective custody and sent to general population, but the Unit Team has not even attempted to take Plaintiff off protective custody status.

### L.  Defendant McElroy, SCCF Senior Correctional Officer / Assistant Grievance Chairperson

On June 9, 2014, Defendant McElroy deemed Plaintiff's grievance inappropriate.

### M.  Defendant L. Staggs, SCCF Senior Correctional Officer / Grievance Chairperson

On March 4, 2014, May 12, 2014, and June 11, 2014, Defendant L. Staggs deemed Plaintiff's grievances inappropriate.  Defendant L. Staggs found "any reason she could" to not let Plaintiff's grievances "go through."

### N.  Denial of Medical Care

Plaintiff has suffered from back aches, severe neck pain, and muscle spasm from lack of exercise.  He has requested medical care throughout his confinement but has received no treatment for his physical injuries. Plaintiff filed three grievances about not receiving medical care; two were deemed inappropriate, and the third garnered a response that Plaintiff had not turned in a sick call request.  Plaintiff has turned in sick call requests, but has not received responses.

Plaintiff suffers from depression, anxiety, and "sleep impairment." and has occasionally had thoughts of suicide.  He has made numerous requests to speak with someone from mental health about his mental health needs but has received no response and has not seen a mental

health doctor in over five months.

### III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

upon which relief can be granted. In order to state a claim upon which relief can be granted, a

complaint must contain either direct or inferential allegations respecting all material elements to

sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.

2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not

suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a

legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955,

1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965,

1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th

Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See*

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as

follows:

> Two working principles underlie our decision in *Twombly*. First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule

8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B. 42 U.S.C. § 1983

### 1. Generally

As has been noted, Plaintiff's remaining claims in this action are his claims that

Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth

Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 1, 4, 5. Section 1983

provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

9

42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,*

474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,*

436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of

acting under color of state law requires that the defendant in a § 1983 action have exercised

power "possessed by virtue of state law and made possible only because the wrongdoer is clothed

with the authority of state law."  *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313

U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2.  Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat*

*superior*.  *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509

(1981).  *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L.

Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must

demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct

that allegedly violated his rights.  *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations

omitted).  *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v.*

*Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least

implicitly authorized, approved or knowingly acquiesced in" the misconduct.)  Conclusory

allegations are not enough.  *See Street,* 886 F.2d at 1479.  *See also, Anderson,* 477 U.S. at 257;

*Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S.

871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

Additionally, the denial of grievances does not serve as sufficient personal involvement to form the basis of a § 1983 action. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 Fed. App'x 490, 493 (6th Cir. 2004).

### 3. Official Capacity Claims

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

42 U.S.C. § 1983 authorizes the imposition of liability against every "person" who, acting under color of state law, violates another person's federally protected rights. *See* 42 U.S.C. § 1983. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45

(1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002).

## 4. Eighth Amendment

### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate

indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

## C.  The Case at Bar

As discussed above, in order to state a cognizable § 1983 claim against a defendant in his or her individual capacity, a plaintiff must show some direct, personal involvement by the named defendant in the alleged constitutional deprivation. *See, e.g., Knott v. Sullivan*, 481 F.3d 561, 574 (6th Cir. 2005). As can be seen, Plaintiff has failed to do so; he does not even allege that any of the named Defendants personally deprived him of medical care or were deliberately indifferent to his serious medical needs. Absent such allegations, Plaintiff cannot sustain his individual capacity claims against them.

Moreover, as also discussed above, the denial of grievances does not serve as sufficient personal involvement to form the basis of a § 1983 action. *Shehee*, 199 F.3d at 300. Plaintiff cannot prevail on his claims on this basis.

Finally, Defendants in the case at bar are TDOC and SCCF employees.  As such, Plaintiff's claims against them in their official capacities are claims against the state of Tennessee. Because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief can be granted; accordingly, he cannot sustain his official capacity claims against the instant Defendants.

## IV.  Conclusion

For the reasons discussed above, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge