UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KEN D. PARRISH,

    Plaintiff,

v.

    No. 1-14-00099
    Senior Judge Haynes

ARVIL CHAPMAN, et al.,

    Defendants.

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 43) to grant the motion to dismiss (Docket Entry No. 36) filed by Defendants Derrick Schofield, Jason Woodall, and Brandon Maloney ("TDOC Defendants") and the motion to dismiss (Docket Entry No. 38) filed by Defendants Avril Chapman, Danny Dodd, Daniel Pritchard, Gene Maples, Clarence Potts, Michael Parrish, Rhonda Staggs, Jessica McElroy, and Leigh Staggs ("SCCF Defendants"). Plaintiff did not file an objection.

After de novo review, the Court adopts the Magistrate Judge's conclusion that Plaintiff's claims against the TDOC Defendants in their individual and official capacities and the SCCF Defendants in their individual capacities should be dismissed.

As to Plaintiff's claims against the SCCF employees in their official capacities, the Magistrate Judge concluded that Plaintiff's claims against the SCCF employees in their official capacities are claims against the state of Tennessee and should be dismissed because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. §1983. Yet, SCCF, also known as South Central Correctional Center, is owned and operated by Corrections Corporation of

America ("CCA") and under contract with the State of Tennessee.[1] To the extent the SCCF employees are employed by CCA, Plaintiff's claims against these Defendants in their official capacities are, in essence, against CCA, of which they are agents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).

To state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. Berger v. City of Mayfield Heights, 265 F.3d 399, 405 (6th Cir. 2001). A party performing a traditional governmental function acts under the color of state law. Thomas v. Coble, 55 F. App'x 748, 748 (6th Cir.2003). Operating a prison for state inmates constitutes action under color of state law. Street v. Corrections Corp. of Amer., 102 F.3d 810, 814 (6th Cir.1996); Skelton v. Pri-Cor, Inc., 963 F.2d 100, 102 (6th Cir. 1991). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, 473 U.S. at 166.

Here, Plaintiff did not plead or make any showing that his claim for denial of medical care was pursuant to a policy or regulation of CCA, and therefore Plaintiff's claim against the SCCF Defendants in their official capacities fails to state a claim. Swaner v. Tucker, No. 3:08-cv-0596, 2008 WL 2421168, at *1 (M.D. Tenn. June 13, 2008).

---

[1] http://www.tn.gov/correction/institutions/sccf.html (Viewed April 27, 2015); http://www.cca.com/facilities/south-central-correctional-center (Viewed April 27, 2015).

Accordingly, the Report and Recommendation is **ADOPTED** and Defendants' motions to dismiss (Docket Entry Nos. 36 and 38) are **GRANTED.** The SCCF Defendants' motion to compel discovery (Docket Entry No. 42) is **DENIED as moot.**

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the ___30___ day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge